IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Demario Covington, | ) | C/A No. 1:12-2271-SB-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Larry Turner; Jamie Seals; Vincent R. Flamini; Dan Blake; Delta Powers; James Battle, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Demario Covington ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is a federal detainee at the Florence County Detention Center ("FCDC") and brings this civil rights action alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

This civil rights action arises out of Plaintiff's criminal case in the Court of General Sessions for Marlboro County and a separate criminal case in the United States District Court for the District of South Carolina. Defendant Larry Turner is a detective for the Bennettsville Police Department. Defendant Jamie Seals is a detective for the Marlboro County Sheriff's Department. Defendant Vincent R. Flamini is an agent for the

Federal Bureau of Investigation. Defendants Dan Blake, Delta Powers, and James Battle are attorneys who have represented Plaintiff at various points in his state and federal cases.

In his amended complaint, Plaintiff states that he arrived at a friend's house five minutes before local law enforcement personnel raided the house on December 9, 2009. [Entry #11 at 3] After the raid, Plaintiff was charged with possession of drugs. *Id*. Plaintiff alleges that he and Jerrica Gillespie retained attorney Blake on January 25, 2010. *Id*. at 4. According to the amended complaint, Blake informed Plaintiff thereafter that the drug charges were to be dismissed against him. *Id*. at 4–5. Plaintiff alleges he later learned from detective Turner that the charges were being dismissed because Turner was seeking to "turn [Plaintiff] over to the Feds" on the belief that Plaintiff had been implicated in a murder. *Id*. at 6. Plaintiff states that he never received the dismissal papers. *Id*.

Plaintiff next alleges that on September 22, 2010, he was detained by the Bennettsville Police Department and questioned by Turner and Seals about a murder case without his attorney present. *Id*. at 7. Plaintiff states that he retained attorney Powers in connection with the murder investigation. *Id*. On November 17, 2012, Plaintiff learned he had been indicted in state court[1] and was denied bond. *Id*.

---

[1] Although it is not clear from the complaint, it appears the indictment in state court was for charges of conspiracy and accessory after the fact to murder. *See* Marlboro County Public Index, http://publicindex.sccourts.org/marlboro/publicindex/PISearch.aspx (last visited on Nov. 7, 2012). A federal court may take judicial notice of factual information located in
(continued...)

Federal law enforcement officials took custody of Plaintiff on April 14, 2011, and he was eventually taken to the FCDC. *Id.* at 8. Plaintiff states that he was informed by attorney Battle (his attorney in his federal criminal case), that the Sheriff of Marlboro County wanted information from Plaintiff about the death of Wayne Simmons. *Id.*

Plaintiff alleges he met at the United States Courthouse in Florence on May 14, 2012, with attorney Battle, Agent Flamini, his co-defendant and her attorney, and the Assistant United States Attorney, who advised him to plead guilty to a charge of possession of crack cocaine with intent to distribute. According to Plaintiff, he was told he would face a conviction by an all-white jury and a sentence of life in prison. *Id.* at 9. Prior to the start of his federal trial on May 14, 2012, Plaintiff was also informed that a co-defendant had agreed to testify against him. *Id.* at 9–10. Plaintiff contends that he was bullied into pleading guilty. *Id.* at 10. In his prayer for relief, Plaintiff seeks monetary damages of one million dollars from each defendant and release from imprisonment. *Id.* at 11.

The docket sheet in *United States v. Demario Covington*, Criminal No. 4:11-417-TLW-1 ("Criminal Action"), reveals that Plaintiff pled guilty on May 15, 2012 to possession of crack cocaine with intent to distribute, but filed a *pro se* motion to withdraw his guilty plea and obtain new counsel on August 14, 2012. [Criminal Action

---

[1](...continued)
postings on governmental websites in the United States. *Mitchell v. Newsom*, C/A No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

Entry #711]. The United States filed its response in opposition on August 23, 2012. At a September 14, 2012 hearing, the Honorable Terry L. Wooten, United States District Judge, denied Plaintiff's motion to withdraw his guilty plea and granted his motion to appoint new counsel. *Id*. at Entry #727. Plaintiff is awaiting sentencing in the Criminal Action.

II.    Discussion

    A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* amended complaint [Entry #11] pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972) (*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).

Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951–52 (2009). Even when considered under this less stringent standard, the amended complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

> 1. Plaintiff's claims of false arrest are barred because he has been indicted.

To the extent Plaintiff claims he has been falsely arrested, his claims fail. The Criminal Action docket reveals that Plaintiff was federally indicted on March 22, 2012, and charged with possession with intent to distribute crack cocaine. Plaintiff also indicates that he has been indicted on state charges. [Entry #11 at 7]. A review of the state public index search indicates that Plaintiff was indicted on all of the charges relevant to his amended complaint. *See* Marlboro County Public Index, http://publicindex.sccourts.org/marlboro/publicindex/PISearch.aspx (last visited on Nov. 7, 2012). A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983 or under the *Bivens* doctrine. *See Provet v. South Carolina*, C/A No. 6:07-1094-GRA-WMC, 2007 WL

5

1847849, at *5 (D.S.C. June 25, 2007) (collecting cases). Therefore, it is recommended that Plaintiff's claim of false arrest be summarily dismissed.

  2. Plaintiff's claims related to his pending criminal actions are barred

   a. Federal Criminal Action

Plaintiff entered a guilty plea in his Criminal Action on May 15, 2012. In light of Plaintiff's guilty plea, this civil rights action is subject to summary dismissal because a right of action has not accrued pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), to wit:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486–87.

Additionally, Plaintiff cannot obtain release from confinement in a civil rights action. *Id.* at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Johnson*

6

*v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983). Plaintiff has not received a favorable termination in his Criminal Action, and his claims for relief in this action are therefore subject to summary dismissal.

        b.      State Criminal Action

The Public Index for the Marlboro County Clerk of Court website indicates that Plaintiff was charged with common law conspiracy (I079731) and two counts of accessory after the fact of murder (I079732 and I079733). *See* Marlboro County Public Index, (http://publicindex.sccourts.org/marlboro/publicindex/PISearch.aspx (last visited on Nov. 7, 2012). The aforementioned three state court charges have been pending since October 4, 2010.

Plaintiff has not raised a valid claim of malicious prosecution of the state court charges, as those charges have not been resolved in his favor. *See McCormick v. Wright*, C/A No. 2:10-0033-RBH-RSC, 2010 WL 565303, at *3 n. 6 (D.S.C. Feb. 17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature."); *see also Jovanovic v. City of New York*, No. 04 CV 8437(PAC), 2008 WL 355515, at *3 (S.D.N.Y. Feb. 7, 2008) (holding that *Wallace v. Kato*, 549 U.S. 384 (2007), applies only to claims of false arrest and that the holding in *Heck v. Humphrey* still applies to claims of malicious prosecution). Therefore, the undersigned recommends that Plaintiff's claims related to his current state charges be summarily dismissed.

4. Plaintiff's current and former attorneys have not acted under color of law

In order to state a cause of action under 42 U.S.C. § 1983 or under the *Bivens* doctrine, a plaintiff must allege that: (1) the defendant deprived him of a federal right, and (2) did so under color of state law or federal law. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (court-appointed attorney); and *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (private attorney). Therefore, the undersigned recommends that defendants Blake, Powers, and Battle be summarily dismissed from this case without prejudice.

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature]*

November 14, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).