IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Demario Covington,         )
                           )
        Plaintiff,         )
                           )   Civil Action No. 1:12-2271-SB
v.                         )
                           )
Larry Turner; Jamie Seals; Vincent R. )   **ORDER**
Flamini; Dan Blake; Delta Powers;     )
James Battle,              )
                           )
        Defendants.        )
_____)

This matter is before the Court upon Demario Covington's pro se complaint filed pursuant to 42 U.S.C. § 1983. The Plaintiff is a federal detainee at the Florence County Detention Center, and in his amended complaint, he alleges claims arising from two pending criminal cases, on in the Court of General Sessions for Marlboro County[1] and one in this district.[2] By local rule, this matter was referred to a United States Magistrate Judge for preliminary determinations.

On November 14, 2012, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("R&R") outlining the issues and recommending that the Court dismiss this case without prejudice and without issuance and service of process. Specifically,



---

[1] It appears that the state court indictment charged Covington with conspiracy and accessory after the fact to murder. See Marlboro County Public Index, http://publicindex.sccourts.org/marlboro/publicindex/PISearch.aspx (last visited on December 18, 2012.)

[2] See United States v. Covington, Criminal No. 4:11-417-TLW-1. Covington pleaded guilty on May 15, 2012, to possession of crack cocaine with intent to distribute, but he filed a pro se motion to withdraw his guilty plea on August 14, 2012. Judge Wooten denied his motion to withdraw his plea on September 14, 2012, and on December 13, 2012, Judge Wooten sentenced Covington to a term of imprisonment of 420 months. Covington filed a notice of appeal.

Magistrate Judge Hodges determined: (1) that the Plaintiff's claims of false arrest are barred because he has been indicted, noting that a grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under section 1983; (2) that the Plaintiff's claims related to his pending federal criminal action are barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994); (3) that the Plaintiff's claim of malicious prosecution related to his pending state criminal action is barred because those charges remain pending and have not been resolved in the Plaintiff's favor; and (4) that the Plaintiff has failed to state a claim under section 1983 against his attorneys because those attorneys did not act "under color of state law."

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

On November 29, 2012, the Plaintiff filed objections to the R&R. In his objections, the Plaintiff again rehashes his claims that he was falsely arrested, maliciously prosecuted, and denied his federal right to sufficient counsel. Importantly, however, the Plaintiff does not raise any *specific* objections to the R&R, and he does not point to any legal or factual error in the Magistrate Judge's analysis. Stated simply, the claims the Plaintiff attempts to raise in this section 1983 action are claims that the Plaintiff first must raise in his criminal cases, on direct appeal, and/or in post-conviction and habeas corpus proceedings. After

2

reviewing the Plaintiff's objections and considering the record, the applicable law, and the R&R, the Court agrees with the conclusions of the Magistrate Judge. Accordingly, the Court adopts and incorporates by reference the R&R into this order. Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 15) is adopted and incorporated herein; the Plaintiff's objections (Entry 17) are overruled; and this case is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

December 19, 2012
Charleston, South Carolina



3